## JANE W. YARBROUGH ET AL. v. ROBERT MOODY.

Decided December 14, 1907.

**Limitation—Payment of Taxes—Identity of Land.**

The payment of taxes on a certain patented survey by name, is sufficient, together with the other requirements named in the statute, to support the five years' statute of limitation even though the lines of the survey were supposed at one time to be in one place, and at another time to be in another place.

Error from the District Court of Hemphill County. Tried below before Hon. B. M. Baker.

*Aldrich & Crook* and *W. R. Ewing,* for plaintiffs in error.—In order to warrant a recovery per force the five years statute of limitation it must be shown that all the taxes for the full five years have been paid upon the identical land described in the conveyance upon which the plea is based. Kelly v. Medlin, 26 Texas, 48; Mitchell v. Burdett, 22 Texas, 633; Whitehead v. Foley, 28 Texas, 289; Wood v. Hull, 90 Texas, 228; Turner v. Moore, 81 Texas, 206; Parker v. Baines, 65 Texas, 606; Hull v. Wood, 14 Texas Civ. App., 590; Spence v. Johnson, 3 Texas Civ. App., 627; Hoehn v. House, 31 S. W. Rep., 84.

*Willis & Willis,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by plaintiffs in error against defendant in error to recover the William F. Johnson survey, situated in Hemphill County. There was a trial before a jury resulting in a verdict for defendant in error.

The sole question presented by the appeal is whether or not the trial court erred in submitting to the jury the issue of limitations of five years pleaded by the defendant. The proposition announced under the assignment raising this error is: "In order to warrant a recovery per force the five years statute of limitation it must be shown that all the taxes for the full five years have been paid upon the identical land described in the conveyance upon which the plea is based." To make clear the position of appellant, it should be stated that there was evidence tending to show that the William F. Johnson survey was not where the patent and deed under which appellee claimed, showed it to be located, but was in truth considerably south and west thereof. In other words, these instruments described the survey as calling for section 169 on the east and section 182 on the north, while other evidence introduced on the trial tended to show that it lacked considerable of reaching these sections. We overrule the assignments, however, because if the proposition above quoted is abstractly or even concretely true, it is nevertheless met by the record, since appellee indisputably did pay the taxes on the William F. Johnson survey for the full time necessary to prescribe under his plea of limitation. If by reason of a resurvey appellee thought the William F. Johnson was in fact misdescribed in the patent and his deed, and that it in truth lay west and south of the calls therein, and he paid the taxes under such belief, yet it can not be gainsaid that he has paid the taxes on the William F. Johnson survey, wherever that survey may be situated. His receipts from the tax collector prove this. The fact of paying taxes on a particular survey is not an act of intention (Hoehn v. House, 31 S. W. Rep., 83; Spence v. Johnson, 3 Texas Civ. App., 627), but is a matter-of-fact thing capable of more definite proof. Appellants' brief raises no question of the character of appellee's possession of the land, but, as above stated, presents only the contention that the taxes were not paid on the survey accord-

ing to the description in the deed under which appellee claims. The judgment is affirmed.

*Affirmed.*